UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:06CV113-J

RICK HOVIOUS PLAINTIFF

v.

MICHAEL ASTRUE,
Commissioner of Social Security DEFENDANT

**MEMORANDUM OPINION**

  This matter is before the Court on plaintiff Rick Hovious' request for review of the decision of the defendant Commissioner denying his claim for disability insurance and supplemental security income benefits. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner is supported by substantial evidence and should be affirmed.

I. Introduction

  Plaintiff filed the present applications for disability insurance and supplemental security benefits on January 16, 2003 alleging that he became disabled on March 15, 2000, at age 41 due to back pain, inability to cope with others, and nervousness. His work history includes self-employment mowing lawns, work at a whiskey barrel factory and a furniture warehouse, and work rebuilding auto alternators. Mr. Hovious completed the tenth grade, obtained a GED, and finished a year-long machine shop course. Following a hearing on April 5, 2005 at which both a medical advisor and vocational expert offered testimony, Administrative Law Judge Ronald Kayser ("ALJ") found that the claimant remains capable of performing a significant range of medium work. Plaintiff has appealed from this unfavorable decision.

## II. Standard of Review

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); *Elam ex. Rel. Golay, v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, *Studaway v. Secretary of HHS*, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, *Kirk v. Secretary of HHS*, 667 F.2d 524 (6th Cir. 1981); *Jones v. Secretary of HHS*, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

## III. Plaintiff's Argument

Plaintiff's primary argument is based upon the ALJ's treatment of his mental condition and rejection of the disabling opinions of the treating physician and therapist at Adanta. In his fact and law summary, he criticizes the ALJ's evaluation of the medical evidence, asserting that the ALJ 1) did not discuss any of the treatment notes from Adanta; 2) erred in relying upon the opinions of non-examining, non-treating state agency psychologists; and 3) erred in finding inconsistency in opinions

2

of social worker/therapist Joyce Bennett and Dr. Lew Hortillosa. Each of these arguments pertains to the ALJ's rejection of the disabling opinions of treating therapist Bennett and treating psychiatrist Dr. Hortillosa under what is commonly known as the treating physician rule. He urges that the disabling opinions of Ms. Bennett and Dr. Hortillosa should have been given controlling weight under this rule, which applies when a "treating source' renders a "medical opinion" that is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, Social Security Ruling 96-2p; 20 C.F.R. §404.1527(d)(2); Bogle v. Sullivan, 998 F.2d 342, 347-348 (6th Cir. 1993). Notably, all of the above factors must be satisfied in order for the treating source's opinion to be entitled to controlling weight, Social Security Ruling 96-2p.

The claimant asserts that it was error for the ALJ to find inconsistency in the opinions of Joyce Bennett and Dr. Hortillosa. This argument stems from the completion of a Mental Residual Functional Capacity Assessment located at TR 221-223, and the ALJ's characterization of that assessment as having been completed by Ms. Bennett (Tr. 21). Though the assessment in question is signed by Dr. Hortillosa, it is clear that it was completed in the handwriting of Ms. Bennett. But regardless of whether it was completed by Ms. Bennett or Dr. Hortillosa, its disabling findings are inconsistent with other evidence contained in the record and the ALJ stated sufficient reasons for rejecting its findings in applying the treating physician rule.

With regard to the argument that the Adanta records were completely ignored, the Court notes that the ALJ's Decision discusses the treatment records from Adanta in great detail, see TR at 17, 18, 20, and 21. Accordingly, the Court finds that there is no merit to this line of argument. Next, the claimant urges that the ALJ erred in relying upon the opinions of the non-examining, non-

treating state agency psychologists. Specifically, he argues that these opinions should not have been credited because the examinations and resulting opinions occurred before the plaintiff stopped drinking alcohol. This argument is unpersuasive, as the ALJ's determination did not rely upon such opinions. The relevant vocational testimony elicited by the ALJ is based upon the medical advisor testimony of Dr. Doug McKeown, who provided both a written report and testimony at the hearing.

## IV.  Conclusion

The ALJ's decision is supported by substantial evidence and will not be disturbed by this Court. A Judgment in conformity with this Memorandum Opinion has this day entered.